# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GREAT AMERICAN OPPORTUNITIES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 3:17-cv-01022<br>)<br>) JUDGE CAMPBELL |
| CHERRY BROS., LLC d/b/a CHERRYDALE FARMS, RENE ULLOA, MATTHEW L. PARKIN, TODD ALLEN MILLS, REBECCA FRANCIS, and STEVEN B. CLONTS, | )<br>) MAGISTRATE JUDGE<br>) NEWBERN<br>)<br>) |
| Defendants. | ) |

## ORDER

On April 27, 2018, the Court entered a Preliminary Injunction with respect to several of the defendants, but reserved its ruling on Defendant Rene Ulloa ("Ulloa") to consider the applicability of any tolling to the restrictive covenants Plaintiff has alleged Defendant Ulloa violated. On May 9, 2018, the Court held a non-evidentiary hearing to determine whether Ulloa violated his restrictive covenants to justify tolling restrictive covenants, and if so, how long they would be tolled. Based on the parties' briefing, declarations, and documents submitted, and the arguments made by counsel at the hearing, the Court finds that the tolling provision in Ulloa's Employment Agreement is enforceable, but that Plaintiff has not established Ulloa violated his restrictive covenants to warrant application of tolling. Therefore, the Court declines to enter a preliminary injunction against Ulloa.

## ANALYSIS

Ulloa's Employment Agreement with Plaintiff contains one-year post-termination non-compete and non-solicitation provisions, as well as a confidentiality and non-disclosure provision

with no timeline. (Doc. No. 1-2 at 2-3; Doc. No. 163 at 2). Because Ulloa resigned on March 29, 2017, the non-compete and non-solicitation provisions expired on March 29, 2018. (*Id.*). However, Ulloa's Employment Agreement provides that "violation of any applicable post-termination restrictions will extend the time of the Protected Period by the amount of time of each such violation if so allowed by applicable law." (Doc. No. 1-2 at ¶ 6E; Doc. No. 163 at 2). The Court construes this tolling provision as applying to Sections Six (Ulloa's non-compete and non-solicitation provisions) and Seven (Ulloa's confidentiality, non-disclosure, and non-disparagement provisions) of Ulloa's Employment Agreement because both implicate actions taken post-employment.

Even though Ulloa's one-year restrictive covenants expired on March 29, 2018, Plaintiff asks the Court to recognize the tolling provision and enjoin him on the basis that Ulloa violated his restrictive covenants during the one-year period. In the absence of any public policy violations, a Tennessee court will enforce the terms of a contract. *In re Estate of Davis*, 184 S.W.3d 231, 235 (Tenn. Ct. App. 2004) (citing *Planters Gin Co. v. Federal Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 892 (Tenn. 2002)). The parties have not pointed to, and the Court has not found, any clear guidance from Tennessee courts that a contractual provision tolling a restrictive covenant violates public policy. Accordingly, the Court will enforce the tolling provision of Ulloa's Employment Agreement as written.[1]

Although the Court finds the tolling provision of Ulloa's Employment Agreement enforceable, it still must find that Ulloa violated his restrictive covenants during the one-year period to allow for tolling and justify the extraordinary remedy of an injunction. In support of this argument, Plaintiff alleges that: 1) Ulloa's calendar shows he solicited schools in Virginia after he

---

[1] The Court takes no position on whether Tennessee law recognizes purely equitable tolling in the absence of a contractual provision that provides for tolling.

2

left Great American in violation of his restrictive covenants and contains Great American's confidential information; 2) Ulloa indirectly solicited customers he previously serviced at Great American by directing other Cherrydale employees to solicit them; 3) Ulloa admitting to working in a portion of Greensboro, North Carolina in violation of his agreement; and 4) Ulloa and Defendant Todd Mills violated their respective Employment Agreements by engaging in a classic "territory swap" and Mills is now soliciting Ulloa's former customers. Plaintiff also alleges Ulloa breached the confidentiality provision of his Employment Agreement by possessing Great American's confidential information following his termination and by not returning an iPad that Great American provided him.

Based on the parties' briefing, declarations, and documents submitted, and the arguments made by counsel at the hearing, the Court finds that Plaintiff has not presented sufficient evidence that Ulloa violated his restrictive covenants to allow for tolling and warrant the issuance of a preliminary injunction. Much of the proof Plaintiff relies upon is disputed by Ulloa. For example, Ulloa denies directing Mills or any Cherrydale employees to solicit Great American's customers, denies visiting any of Great American's customers himself once he moved to Cherrydale, and denies working in Greensboro, North Carolina. Further, Plaintiff asks the Court to infer that Ulloa violated his restrictive covenants because the iPad he had while employed at Great American disappeared, and because he held onto his Great American calendar several months after he left Great American. The Court, however, is not inclined to grant the extraordinary remedy of a preliminary injunction based on inferences and disputed proof.

Moreover, because of this case's tortured procedural history, Ulloa has in effect already been restrained approximately two months beyond the termination of his one-year restrictive covenants. The Court finds no basis to continue restraining Ulloa under the extraordinary remedy

of a preliminary injunction, especially considering that Plaintiff may seek monetary relief against Ulloa for any proven breaches of his restrictive covenants. *See Overstreet v. Lexington Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (finding that if money damages can compensate a plaintiff's harm, then the harm is not irreparable and a preliminary injunction is not warranted). Accordingly, the temporary restraining order as modified (Doc. Nos. 11, 43, 71, 191) is dissolved as to Defendant Ulloa.

       It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE